IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AKERSON ENTERPRISES, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>PUSHEN TESTING INSTRUMENTS (SHANGHAI) CO., LTD., and WWW.KINDREDBRAVLY.SHOP,<br><br>　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONVERT TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION**<br><br>Case No. 2:25-cv-00150-JNP<br><br>District Judge Jill N. Parrish |

On March 18, 2025, the court granted the ex parte motions for leave to file under seal, for expedited discovery and service by alternative means, and for temporary restraining order and asset freeze filed by Plaintiff Akerson Enterprises, LLC, doing business under the trade name Kindred Bravely. ECF No. 9 ("Order Granting TRO"). The court scheduled a preliminary-injunction hearing for March 28. Defendants, though served with the court's temporary restraining order requiring them to appear at the hearing, did not appear. Following the hearing, the court lifted the seal on the case, extended the temporary restraining order until April 11, and scheduled a hearing for that day to resolve Kindred Bravely's motion to convert the temporary restraining order into a preliminary injunction, ECF No. 19. Defendants did not respond to Kindred Bravely's motion, nor did they appear at the April 11 hearing or otherwise contact the court. Having considered Kindred Bravely's briefing and arguments, the court now GRANTS the motion to convert the temporary restraining order into a preliminary injunction.

It is unnecessary to recount the factual background of this case here because the court's previous order fully set out the facts, which have remained unchanged since then. *See* Order Granting TRO at 1–2. Suffice it to say that Kindred Bravely, a women's-apparel company specializing in clothing for pregnant and nursing mothers, seeks to enjoin Defendants from selling counterfeit Kindred Bravely products using its trademarks. It is also unnecessary to restate the court's entire legal analysis because as with the facts, the previous order fully set out the analysis and nothing in the briefing or arguments since then has changed the court's view. *See id.* at 2–13.

In brief, the same standard governs temporary restraining orders and preliminary injunctions. *Ponce v. Mortensen*, No. 2:24-cv-00273, 2025 U.S. Dist. LEXIS 59233, at *7 (D. Utah Mar. 28, 2025). Under that standard, the movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Kindred Bravely is likely to succeed on the merits of its trademark-infringement claims because its trademark is likely protected and Defendants' counterfeit use of that trademark is likely to be confusing or deceptive to consumers. *See* Order Granting TRO at 5–9. Kindred Bravely has also shown that it will suffer irreparable harm if Defendants are not enjoined from continuing their counterfeit business because it will suffer "damage to [its] goodwill . . . for which [it will] ha[ve] no adequate legal remedy." *Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001). *See* Order Granting TRO at 9. Third, the balance of equities in trademark cases "generally favor[s] the trademark owner." *Krause Int'l, Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587–88 (D.D.C. 1994). *See* Order Granting TRO at 9. And finally, "[a] preliminary injunction that enforces a valid patent against an infringer does no more than further public policy inherent in the patent laws

designed to encourage useful inventions by rewarding the inventor with a limited period of market exclusivity." *Won-Door Corp. v. Cornell Iron Works, Inc.*, 981 F. Supp. 2d 1070, 1079 (D. Utah 2013). *See* Order Granting TRO at 9. All four preliminary-injunction factors weigh strongly in Kindred Bravely's favor, making it appropriate to convert the temporary restraining order into a preliminary injunction.

As for the security required to be given by the movant under Rule 65 of the Federal Rules of Civil Procedure, the court once again finds that Defendants will not be harmed should the preliminary injunction turn out to be wrongfully issued and so exercises its discretion to decline to impose a bond as a condition of issuing the requested relief. *See id.* at 11. And the court considers it proper to continue the asset freeze ordered earlier to preserve Kindred Bravely's right to an accounting and ensure the availability of permanent relief. *See id.* at 11–13.

## CONCLUSION AND ORDER

For the reasons above, the court

(1) **GRANTS** Kindred Bravely's motion to convert the temporary restraining order into a preliminary injunction, ECF No. 19;

(2) **ORDERS** Defendants to cease all use of the Kindred Bravely or Sublime trademarks in connection with the sale, offer for sale, promotion, marketing, or advertisement of any product, including in connection with any domain name, such as www.kindredbravly.shop;

(3) **ORDERS** PayPal to hold and retain within its control and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any assets or accounts related to Defendants, including any account that has received funds in connection with www.kindredbravly.shop;

(4) **ORDERS** Kindred Bravely to serve this preliminary injunction on PayPal within 48 hours of the entry of this order; and

(5) **ORDERS** Kindred Bravely to serve this preliminary injunction on Defendants at the following email addresses within 48 hours of the entry of this order: DorisPhyllis32@hotmail.com and sales@sh-pushen.com.

The court further **ORDERS** that this temporary restraining order shall be binding upon all Defendants, each of their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order effective immediately upon entry on the docket.

This order shall remain in effect until the final resolution of this action absent a contrary order of the court.

Signed April 11, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge